A. D. PUGH, Appellee, v. CORA Y. OLSON, Appellant. A. D.
PUGH, Appellee, v. MINNIE YOUNGERMAN, Appellant.
A. D. PUGH, Appellee, v. LOUISA Y. BARTON, Appellant.
Consolidated for trial and all tried in first above case.

Judgments: JOINT CONTRACT: PLEADINGS: RES JUDICATA. Plaintiff
brought three separate actions, afterward consolidated, against
as many defendants, for services rendered an estate in which they
were mutually interested, and each answered claiming that a judg-
ment on plaintiff's counterclaim in a former action, brought by
another heir against him for money belonging to the estate, involved
the same issues and was a bar to this action. These defendants
were made parties to that suit but disclaimed any interest therein,
and in conjunction with the plaintiff in that suit alleged that the
services for which plaintiff in this action counterclaimed in the for-
mer action, were not rendered on any joint contract, whereupon
plaintiff dismissed his counterclaim as against these defendants and
proceeded against the other heir alone. The pleadings in that
action were offered in evidence in this suit.

   *Held,* that as defendants failed to allege that plaintiff's contract
for services was joint, and as the judgment on the counterclaim in
the former action was only about one fourth of the amount claimed
by plaintiff, the court properly refused to submit the question of
whether the contract was joint and therefore satisfied by the judg-
ment on the counterclaim.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN,
Judge.

SATURDAY, MARCH 15, 1913.

THREE actions on account consolidated by agreement.
They were brought by the same plaintiff against three sisters
for services rendered in regard to an estate in which all were
mutually interested. There was a verdict and judgment for
the plaintiff in each case, and the defendants appeal.—
*Affirmed.*

*Dudley & Coffin,* for appellants.

*A. D. Pugh, pro se,* and *C. S. Cooter,* for appellee

EVANS, J.—These cases are closely related to the case of *Conrad Youngerman v. Pugh,* (Iowa) 125 N. W. 321, wherein a judgment of the lower court was affirmed in this court March, 1910. The judgment and satisfaction in the former case are pleaded herein by the defendant as a complete defense to each action. This, however, has reference to the issue and adjudication made upon a counterclaim in that case and not upon the main action. We quote from our former opinion in that case the following introductory statement: "This is an action to recover money collected and withheld by the defendant as attorney, and a counterclaim by the defendant for fees due for professional services. Trial to a jury, which made an allowance on the counterclaim and rendered a verdict for the plaintiff for the balance, and judgment accordingly."

The petition in the former averred that in January, 1908, the defendant, as attorney, received for and on account of the plaintiff the sum of $1,025.15 from the estate of Miene Youngerman. The defendant filed an answer, admitting the receipt of the money as charged, and filed a counterclaim against the plaintiff and others, and filed a motion therewith, requesting that such parties—i. e., Cora Olsen, Minnie Youngerman, and Louisa Youngerman—be made parties defendant "in order that their interest in the funds collected and applied by the defendant might be adjudicated in this action." In pursuance of such motion, the other parties were brought in. They filed an answer "disclaiming any interest in the funds collected and applied by the defendant Pugh." Thereupon the defendant Pugh dismissed his counterclaim against his codefendants thus brought in, and filed an amended answer and counterclaim against the plaintiff alone. The first division of such amended answer admitted the collection of the funds but denied indebtedness. The second division of

such answer constituted a counterclaim wherein the defendant attorney set up his account for services purported to have been rendered to Conrad Youngerman and to his three sisters, who are the defendants in the present cases. The sum total of such itemized account was $1,781.25, on which a credit of $500 was entered as payment received from such four parties.

In the trial of the present case, the pleadings and record of the former case were all introduced in evidence. These show that the jury allowed Attorney Pugh $350 on his counterclaim, and they rendered a verdict against him for a balance of $675 in favor of Conrad Youngerman, plaintiff therein. The account that was set up by Pugh in his counterclaim in that case is the same account upon which he bases his present suits against these defendants, except that certain items have been eliminated as items of service rendered for the benefit of Conrad alone. His claim in these cases is to recover one-fourth of the joint account severally from each of the three sisters, defendants herein.

The jury rendered a verdict substantially for the amount claimed against each. The contention of the appellants in argument is that inasmuch as the account sued on was a joint account for services rendered for the joint benefit of the three sisters and the brother, and inasmuch as the plaintiff Pugh used such joint account as the basis of his counterclaim against Conrad Youngerman in the former suit as one of the joint debtors, and inasmuch as he obtained the equivalent of a judgment thereon against Conrad and received full satisfaction thereof, he cannot recover again on the same account against the joint debtors. This proposition of law is elementary and leaves no room for debate. In such case, of course, the sisters would become liable to Conrad for contribution to the amount paid by him in satisfaction of the joint account. It is contended, also, that this proposition is decisive of the case. Such was our first impression on the oral argument; but we find other complications in the record.

In such former case Conrad filed a reply to the counter-

claim wherein he denied joint liability with his sisters for the entire account, and averred that, if there was any balance due over and above the $500 previously paid, he was liable severally and not jointly, and for only one-fourth thereof. The defendant Pugh in that action also made the three sisters (defendants herein) parties to that action, and averred that they were interested in the fund sued for by Conrad, and he set up, as against them, the same counterclaim as against Conrad; the items of such account purporting to be charged as against all. The sisters appeared in said action and filed a disclaimer of any interest in the fund sued for by Conrad. They also answered the counterclaim and expressly denied joint liability thereon, and averred that, if they were liable to Attorney Pugh for any amount, they were each liable severally and not jointly, and "aver that, if for any cause these defendants or any of them are liable to said Albert D. Pugh, a suit should be brought by said Pugh against these several defendants individually and not jointly." This averment reappeared two or three times with considerable emphasis in such pleading. Such answer also contained the following: "These defendants admit that they have declined to consent that any property or estate belonging to plaintiff (Conrad) should be applied to discharge their obligations, if any, to the defendant." After the filing of this answer to the counterclaim in such former case, Pugh dismissed the counterclaim without prejudice as to the three sisters, and proceeded to trial with the plaintiff Conrad.

Turning now to the pleadings in the case at bar, the answer of each defendant is set forth in six divisions. These divisions aim to set forth, in varied form, the affirmative defense to which we have already referred. We find no allegation in any division of any answer in the cases at bar that the account now sued on was in fact a joint account. Unless the account was a joint account for which each was fully liable, then the legal proposition, for which the appellants contend, can have no decisive application. If Conrad was only

separately liable for his own particular share, then a recovery of the particular amount due from him could not operate as a bar to a recovery of particular amounts due from the others. This absence of averment from the answers is doubtless to be accounted for by the state of the pleadings in the previous case. Therefore, instead of averring in this case that the account was in fact a *joint* account for which benefits had been received by all of the joint debtors, the defendants herein predicate the defense upon the allegation that the plaintiff herein had elected in the former suit to declare upon the account as a joint account, and to sue Conrad Youngerman by way of counterclaim for the full amount thereof. Granting that this was the contention of Pugh in the former action (although he did not in terms aver a joint account), yet he necessarily encountered the denial and contention of Conrad that he was not liable jointly for the whole, but severally only for his share thereof. The jury, in fact, allowed Pugh on the counterclaim only about one-fourth of the alleged balance due. The ground does not appear in this record. It might have been made by the jury on the theory that Conrad was liable only for one-fourth, or it might have been made on the theory that no greater value was fairly proved. If the jury found in that case that Conrad was liable severally only and not jointly, then Pugh was bound to submit to such finding. But he was not thereby estopped from adapting himself to it, and from thereafter treating the debtors as severally liable and not jointly. The particular complaint made here against the action of the lower court is that this question was not submitted by the court to the jury, but was wholly ignored in the instructions to the jury.

If the answers in these cases had averred that the debt paid and satisfied by Conrad was in fact a joint debt of the four, or, perhaps, if they had alleged that the allowance by the jury was made upon a finding of joint liability, then doubt- less the defendant would have been entitled to have the ques-

tion submitted to the jury, assuming that the allegations were supported by appropriate evidence.

In view of the fact, however, that the defendants refrained from allegation at this point, and in view of the great emphasis of allegation to the contrary, made in their sworn pleadings in the former case, which appear in evidence in this case, and which are in no manner rebutted or explained, we think the trial court properly withheld such issue from submission to the jury. No other errors are assigned.

The judgment below must therefore in each case be *Affirmed.*